**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9        SAN FRANCISCO DIVISION

10

11   DAVID PALAND,                                          Case No. C 14-0631 RS

12              Plaintiff,
        v.                                                   **ORDER GRANTING MOTION TO
13                                                           DISMISS AND DENYING MOTION
     BROOKTRAILS TOWNSHIP C.S.D. et al.,                     TO STRIKE**
14
              Defendants.
15   _____/

16

17                              I.  INTRODUCTION

18          This action is part of a long-running legal battle between *pro se* plaintiff David Paland and

19   Brooktrails Township Community Services District, an agency that provides water, sewer, and other

20   services to properties in the Brooktrails community in Mendocino County.  Paland contends that

21   defendants have wrongfully imposed charges for water and sewer services against properties with

22   "inactive" meters that were not using any such services.  Pursuant to Civil Local Rule 7-1(b)

23   defendants' challenge to the complaint, and Paland's motion to strike portions of the answer have

24   been submitted without oral argument. Because Paland has not adequately alleged a basis for any

25   federal claims, his complaint must be dismissed.  His motion to strike is therefore moot.

26
27
28

**United States District Court**
For the Northern District of California

1

## II.  DISCUSSION

2

A.  <u>Procedural status</u>

3      Defendants initially moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to

4  dismiss the original complaint in this action.  In the alternative, defendants sought a "more definite

5  statement" under Rule 12(e).  Prior to opposing that motion, Paland filed an amended complaint.

6  Approximately one week later, Paland filed an opposition to the motion to dismiss, notwithstanding

7  the amended complaint.  Defendants then filed a "motion to strike" the amended complaint,

8  asserting that, while it arguably addressed their prior request for a "more definite statement," it had

9  not cured the basic defects identified in their motion to dismiss.  Paland responded by arguing

10  defendants had waived any right to move to strike under Rule 12(f) by not including such

11  contentions in their original motion to dismiss.  Paland also repeated his arguments in support of the

12  substance of his claims.

13      Paland's filing of the amended complaint served to moot the original motion to dismiss, and

14  it is hereby denied on that basis.  Although defendant's subsequent motion is labeled as one "to

15  strike," it represents a substantive challenge to the adequacy of the pleading—indeed it essentially

16  merely reincorporates the arguments of the original motion to dismiss, with some added discussion

17  of why defendants contend the amended complaint does not change the analysis. Accordingly, the

18  "motion to strike" will be deemed to be a motion to dismiss.[1]

19

20

B. <u>Federal jurisdiction</u>

21      Paland first invokes federal jurisdiction by attempting to characterize his claims as being

22  brought under 42 U.S.C. §1983.  There are two fundamental flaws, however, in his pleaded theories

23  of liability.  First, much of his complaint is presented as an attack on a prior state court appellate

24  decision that was rendered against him.  For example, the complaint asserts, "the Fifth Division of

25  the California First District Court of Appeal exceeded its jurisdiction in *Paland* when it held that

26

27  [1]  Defendants at one point even refer to their initial motion as having been a "Motion to Strike under
    FRCP 12(b)(6)," reflecting their failure to distinguish clearly between the two concepts.
28

2

**United States District Court**
For the Northern District of California

1  standby charges could be imposed on inactive parcels because it ignored the rules of constitutional

2  and statutory interpretation, and *stare decisis*." That a large portion of Paland's present claims have

3  previously been found to be without merit in the state court system presents a substantial hurdle

4  under *res judicata* and/or collateral estoppel principles.

5  More fundamentally, however, the *Rooker-Feldman* doctrine "prohibits a federal district

6  court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state

7  court judgment." *Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008) (citation and

8  quotations omitted); see also *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482-86 (1983);

9  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Ninth Circuit has recognized that

10  the "clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal

11  plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief

12  from a state court judgment based on that decision." *Reusser*, 525 F.3d at 859. Accordingly, to the

13  extent the amended complaint seeks relief based on practices of defendants that were found lawful

14  by the state courts, it must be dismissed, notwithstanding Paland's belief that the state courts erred.

15  The amended complaint, however, also contends that even if defendants' actions previously

16  were permissible, they became unlawful upon passage of "Measure D." While the parties dispute

17  when that measure became effective, Paland appears at least in theory to have a claim that has not

18  previously been adjudicated against him by the state courts as to whether defendants timely and

19  fully complied with their obligations under Measure D. Paland had not shown, however, any basis

20  under which such a claim could properly be adjudicated in this court.

21  Paland is alleging nothing more than that defendants are failing to follow their obligations

22  under state law. Section 1983 is not implicated by such averments. "Only federal rights, privileges,

23  or immunities are protected by the section. Violations of state law alone are insufficient." *Ybarra v.*

24  *Bastian* 647 F.2d 891, 892 (9th Cir. 1981); *accord*, *Ebmeier v. Stump* 70 F.3d 1012, 1013 & fn. 6

25  (8th Cir. 1995); *Love v. Pepersack* 47 F.3d 120, 124, fn. 5, (4th Cir. 1995).

26  Paland's conclusory allegations of a violation of RICO fare no better as a basis for invoking

27  federal jurisdiction. Even assuming that defendants have imposed charges in violation of state law

28  subsequent to the effective date of Measure D, merely alleging that they used the U.S. Mails to mail

**United States District Court**
For the Northern District of California

1   bills does not state a RICO claim.  Finally, while supplemental jurisdiction would theoretically lie

2   over any viable breach of contract claim *if* there were a basis for federal jurisdiction in the first

3   instance, there will be no reason to retain jurisdiction of any such claim here in the absence of a

4   federal claim.

5          Accordingly, the amended complaint is dismissed.  While it is not apparent that a basis for

6   federal jurisdiction could ever be alleged, in light of Paland's *pro se* status, he will be given leave to

7   amend.  If no amended complaint is filed by September 5, 2014, the action will be dismissed

8   without prejudice to any rights Paland may have to pursue his claims in state court.  In light of this

9   disposition, Paland's motion to strike defendant's answer is moot, and it is denied on that basis.

10         The Case Management Conference in this action is hereby continued to October 9, 2014 at

11  10:00 a.m.  In the event the action has not been dismissed at that time, the parties shall file an

12  updated joint Case Management Conference Statement one week in advance.

13

14  IT IS SO ORDERED.

15

16  Dated:  8/15/14

17

18                                              _____
                                                RICHARD SEEBORG
                                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

4