IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID PALAND,

        Plaintiff,

   v.

BROOKTRAILS TOWNSHIP C.S.D. et al.,

        Defendants.

Case No. C 14-0631 RS

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**

## I. INTRODUCTION

This action is part of a long-running legal battle between *pro se* plaintiff David Paland and Brooktrails Township Community Services District, an agency that provides water, sewer, and other services to properties in the Brooktrails community in Mendocino County. Paland contends that defendants have wrongfully imposed charges for water and sewer services against properties with "inactive" meters that were not using any such services. Pursuant to Civil Local Rule 7-1(b) defendants' challenge to the complaint, and Paland's motion to strike portions of the answer have been submitted without oral argument. Because Paland has not adequately alleged a basis for any federal claims, his complaint must be dismissed. His motion to strike is therefore moot.

## II. DISCUSSION

A. <u>Procedural status</u>

Defendants initially moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the original complaint in this action. In the alternative, defendants sought a "more definite statement" under Rule 12(e). Prior to opposing that motion, Paland filed an amended complaint. Approximately one week later, Paland filed an opposition to the motion to dismiss, notwithstanding the amended complaint. Defendants then filed a "motion to strike" the amended complaint, asserting that, while it arguably addressed their prior request for a "more definite statement," it had not cured the basic defects identified in their motion to dismiss. Paland responded by arguing defendants had waived any right to move to strike under Rule 12(f) by not including such contentions in their original motion to dismiss. Paland also repeated his arguments in support of the substance of his claims.

Paland's filing of the amended complaint served to moot the original motion to dismiss, and it is hereby denied on that basis. Although defendant's subsequent motion is labeled as one "to strike," it represents a substantive challenge to the adequacy of the pleading—indeed it essentially merely reincorporates the arguments of the original motion to dismiss, with some added discussion of why defendants contend the amended complaint does not change the analysis. Accordingly, the "motion to strike" will be deemed to be a motion to dismiss.[1]

B. <u>Federal jurisdiction</u>

Paland first invokes federal jurisdiction by attempting to characterize his claims as being brought under 42 U.S.C. §1983. There are two fundamental flaws, however, in his pleaded theories of liability. First, much of his complaint is presented as an attack on a prior state court appellate decision that was rendered against him. For example, the complaint asserts, "the Fifth Division of the California First District Court of Appeal exceeded its jurisdiction in *Paland* when it held that

---

[1] Defendants at one point even refer to their initial motion as having been a "Motion to Strike under FRCP 12(b)(6)," reflecting their failure to distinguish clearly between the two concepts.

1 standby charges could be imposed on inactive parcels because it ignored the rules of constitutional
2 and statutory interpretation, and *stare decisis*." That a large portion of Paland's present claims have
3 previously been found to be without merit in the state court system presents a substantial hurdle
4 under *res judicata* and/or collateral estoppel principles.

5 More fundamentally, however, the *Rooker-Feldman* doctrine "prohibits a federal district
6 court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state
7 court judgment." *Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008) (citation and
8 quotations omitted); see also *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482-86 (1983);
9 *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Ninth Circuit has recognized that
10 the "clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal
11 plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief
12 from a state court judgment based on that decision." *Reusser*, 525 F.3d at 859. Accordingly, to the
13 extent the amended complaint seeks relief based on practices of defendants that were found lawful
14 by the state courts, it must be dismissed, notwithstanding Paland's belief that the state courts erred.

15 The amended complaint, however, also contends that even if defendants' actions previously
16 were permissible, they became unlawful upon passage of "Measure D." While the parties dispute
17 when that measure became effective, Paland appears at least in theory to have a claim that has not
18 previously been adjudicated against him by the state courts as to whether defendants timely and
19 fully complied with their obligations under Measure D. Paland had not shown, however, any basis
20 under which such a claim could properly be adjudicated in this court.

21 Paland is alleging nothing more than that defendants are failing to follow their obligations
22 under state law. Section 1983 is not implicated by such averments. "Only federal rights, privileges,
23 or immunities are protected by the section. Violations of state law alone are insufficient." *Ybarra v.
24 Bastian* 647 F.2d 891, 892 (9th Cir. 1981); *accord*, *Ebmeier v. Stump* 70 F.3d 1012, 1013 & fn. 6
25 (8th Cir. 1995); *Love v. Pepersack* 47 F.3d 120, 124, fn. 5, (4th Cir. 1995).

26 Paland's conclusory allegations of a violation of RICO fare no better as a basis for invoking
27 federal jurisdiction. Even assuming that defendants have imposed charges in violation of state law
28 subsequent to the effective date of Measure D, merely alleging that they used the U.S. Mails to mail

bills does not state a RICO claim.  Finally, while supplemental jurisdiction would theoretically lie over any viable breach of contract claim *if* there were a basis for federal jurisdiction in the first instance, there will be no reason to retain jurisdiction of any such claim here in the absence of a federal claim.

Accordingly, the amended complaint is dismissed.  While it is not apparent that a basis for federal jurisdiction could ever be alleged, in light of Paland's *pro se* status, he will be given leave to amend.  If no amended complaint is filed by September 5, 2014, the action will be dismissed without prejudice to any rights Paland may have to pursue his claims in state court.  In light of this disposition, Paland's motion to strike defendant's answer is moot, and it is denied on that basis.

The Case Management Conference in this action is hereby continued to October 9, 2014 at 10:00 a.m.  In the event the action has not been dismissed at that time, the parties shall file an updated joint Case Management Conference Statement one week in advance.

IT IS SO ORDERED.

Dated:  8/15/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4